Chief Judge Coughenour

04-CR-00172-STIP

FILED ____ ENTERED
____ LODGED ____ RECEIVED

APR 13 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>G.B. ENTERPRISES, INC.<br><br>Defendant. | NO. CR04-0172C<br><br>PLEA AGREEMENT |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Robert Westinghouse and Susan Loitz, Assistant United States Attorneys for said District, and the defendant G.B. ENTERPRISES, INC. ("GBE"), by and through its attorneys, Gerald A. Feffer and James T. Fuller, III, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):

1. <u>Waiver of Indictment</u>. Defendant GBE, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. <u>The Charge</u>. Defendant GBE, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information:

Making and Subscribing a False Income Tax Return in violation of Title 26, United States Code, Section 7206(1).

PLEA AGREEMENT - 1
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

By entering this plea of guilty, Defendant GBE hereby waives all objections to the form of the charging document.

2. <u>Corporate Authorization</u>. Defendant GBE represents that it is authorized to enter into this Plea Agreement. On or before the date of entry and filing of the Plea Agreement, GBE shall provide to the United States and the Court a true and correct copy of the resolution issued by GBE's Board of Directors authorizing GBE to enter into this Plea Agreement and to appear at the Rule 11 hearing and enter the plea on behalf of the company. GBE has voluntarily agreed to appear at the guilty plea hearing through an officer of the company.

3. <u>Elements of the Offense</u>. The elements of the offense of Making and Subscribing a False Income Tax Return as charged in the Information, in violation of Title 26, United States Code, Section 7206(1), are as follows:

> First, Defendant GBE made or caused to be made and a representative of Defendant GBE signed an income tax return for GBE for the calendar year 1996 that was false as to a material matter;
>
> Second, the return contained a written declaration that it was made under the penalties of perjury;
>
> Third, Defendant GBE did not believe the return to be true and correct as to the material matter charged in the Information; and,
>
> Fourth, Defendant GBE made, or caused to be made and signed the return willfully, with the specific intent to violate the law.

4. <u>The Penalties</u>. Defendant GBE understands that the statutory penalties for the offense of Making and Subscribing a False Income Tax Return, as charged in the Information are as follows:

> A fine of up to Five Hundred Thousand dollars ($500,000.00); a period of probation of up to Five (5) years; assessment of the costs of prosecution; and a Four Hundred dollar ($400.00) penalty assessment.
>
> Defendant GBE understands that in addition to the statutory maximum

PLEA AGREEMENT - 2
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

penalties set forth above, the Court may order Defendant GBE to pay restitution to any victim of the offense, including all past due tax liabilities, civil penalties, and interest as required by law.

Defendant GBE further understands that it may be fined under the Alternative Fines Provision set forth in Title 18, United States Code, Section 3571(d), which provides: "If any person derives pecuniary gain from the offense, or if the offense results in a pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process."

Defendant GBE agrees that the special assessment is due and payable at or before the entry of the guilty plea and any other monetary penalty the Court imposes, including any fine, costs or restitution, is due and payable immediately upon imposition of the sentence provided for in this Plea Agreement. Defendant GBE further agrees that if any financial obligation including restitution imposed by the court at sentencing is not paid in full at sentencing, GBE will submit completed Financial Statement of Debtor forms as requested by the United States Attorney's Office.

Defendant GBE and the United States further understand that pursuant to Rule 11(c)(1)(C) the specific sentence that the Court must impose in this case has been agreed upon by the parties and the Court, if it accepts the pleas of guilty, must either impose the specified sentence or allow Defendant GBE to withdraw its plea of guilty and the United States to withdraw from this Plea Agreement.

5. <u>Rights Waived by Pleading Guilty</u>. Defendant GBE understands that, by pleading guilty, it knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty, and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before an impartial jury;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for

PLEA AGREEMENT - 3
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  Defendant;

2      d.    The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

4      e.    The right to confront and cross-examine witnesses against Defendant at trial;

6      f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

8      g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

10      h.    The right to appeal a finding of guilt or any pretrial rulings.

11      6.    <u>Applicability of Sentencing Guidelines</u>.  Defendant GBE understands that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission apply to this case, subject to the terms of this Plea Agreement and Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Specifically, the November 1995 Edition of the Federal Sentencing Guidelines Manual, as amended through November 1, 1996, shall apply to this case.

17      Defendant GBE may not withdraw its guilty plea solely because of the sentence imposed by the Court, provided the Court imposes the specific sentence provided for in this Plea Agreement.

20      7.    <u>Ultimate Sentence</u>.  Defendant GBE acknowledges that this Plea Agreement is governed by Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Pursuant to Rule 11(c)(1)(C) the United States and Defendant GBE have agreed that the specific sentence that the Court must impose in this case is as follows:

24      a. <u>Fine</u>.  A fine of Five Hundred Thousand dollars ($500,000.00).  This fine is due and payable immediately upon the imposition of the sentence provided for in this Plea Agreement.

27      b. <u>Assessments</u>.  A penalty assessment of Four Hundred dollars ($400.00).  This assessment is due and payable upon the entry of the guilty plea.  No

PLEA AGREEMENT - 4
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

additional assessment for costs of prosecution will be imposed on Defendant GBE.

   c. <u>Restitution</u>. Restitution as provided in paragraph 8 of this Plea Agreement.

   d. <u>Probation</u>. Organizational probation for a period of three (3) years pursuant to USSG Sections 8D1.1 and 8D1.2. The terms of probation shall include the following standard conditions (1) through (7), with the modification of condition (7) as set forth below, and specific provisions (8) through (11):

   (1) Within thirty days from the date of this judgment, Defendant GBE shall designate an officer to act as its representative and to be the primary contact with the probation officer;

   (2) Defendant GBE shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

   (3) Defendant GBE shall notify the probation officer ten days prior to any change in principal business or mailing address;

   (4) Defendant GBE shall permit a probation officer to visit at any of its operating business sites;

   (5) Defendant GBE shall notify the probation officer within seventy-two hours of any criminal prosecution, major civil litigation, or administrative proceeding against it;

   (6) Defendant GBE shall not dissolve, change its name, or change the name under which it does business unless this judgment and all criminal monetary penalties imposed by this Court are either fully satisfied or are equally enforceable against GBE's successors and assigns;

   (7) Defendant GBE shall not waste, nor without permission of the probation officer sell, assign or transfer its assets, unless this judgment and all criminal monetary penalties imposed by this Court are fully satisfied;

   (8) <u>No Further Violations</u> - Defendant GBE shall commit no further tax offenses, including but not limited to aiding and abetting an individual or

PLEA AGREEMENT - 5
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

business entity to commit tax offenses and further including any offense involving the improper claim of a deduction from income of any amount of commission paid or transferred to a foreign bank account or to a foreign business entity or to an individual in a foreign country if said commission is not a bona fide ordinary and necessary business expense. Nothing herein shall prohibit the United States from proceeding administratively, civilly, or criminally against defendant GBE in any separate proceeding for any such alleged tax offense involving any subsequent tax period.

(9) <u>Accounting for Foreign Transfers</u> -- On an annual basis, Defendant GBE will provide an accounting to the United States Probation Office of all transfers of funds to and from foreign bank accounts and to and from foreign business entities and to and from all individuals in foreign countries in which it is a participant or where such transfers are undertaken at its direction or on its behalf, and will, if requested by the United States Probation Office, provide the transfer documents showing the source of and the recipient of, including originating and receiving banks, all international transfers of funds, and all documents relating to the reasons for the transfers;

(10) <u>Tax and Accounting Staff</u> – Defendant GBE shall form a tax and accounting staff separate and apart from Defendant Alpha Technologies, Inc. ("ATI").

(11) <u>Independent CPA Firm</u> – Defendant GBE shall engage an independent CPA firm not previously associated with the preparation of its income tax returns to prepare GBE's income tax returns.

8. <u>Restitution</u>. Defendant GBE shall make restitution to the Internal Revenue Service, an agency of the United States by paying past due corporate income taxes, civil penalties, and interest in the amount of Thirty-Five Million Five Hundred Five Thousand Two Hundred Forty Nine dollars ($35,505,249.00) plus additional interest from March 10, 2004, less credit for certain overpayments of estimated taxes by Defendants ATI and GBE pursuant to the schedules of overpayments attached to the

PLEA AGREEMENT - 6
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Closing Agreement on Final Determination Covering Specific Matters between Defendant GBE and the Internal Revenue Service (the "Closing Agreement") entered into in conjunction with this Plea Agreement. These schedules are captioned: ATI Tax Liability Per Return/Prepayments as Adjusted and GBE Tax Liability Per Return/Prepayments as Adjusted.

Said corporate income taxes, civil penalties, and interest shall be paid immediately upon imposition of the sentence provided for in this Plea Agreement pursuant to and in express conformity with the terms of the Closing Agreement.

9. **Statement of Facts.** The parties agree on the following facts in support of Defendant GBE's guilty plea and for purposes of calculating the base offense level of the Sentencing Guidelines. Defendant GBE admits it is guilty of the charged offense.

   a. Defendants Alpha Technologies, Inc. and G.B. Enterprises, Inc. are Washington corporations, with their principal places of business in Bellingham, Washington. Fred Kaiser controls ATI and a group of related "Alpha" corporate entities worldwide. The Alpha corporate entities manage product lines that includes uninterruptible power supplies and related products for the cable television and cellular telephone industries. Grace L. Borsari is the sole shareholder of GBE, which manufactures "Alpha" branded products. Mr. Kaiser and Ms. Borsari are close business associates.

   b. In 1996, GBE paid an eight percent "sales commission" on most product sales to ATI, the entity primarily responsible for administration and sales. ATI was responsible for the maintenance of a regional sales network principally comprised of independent sales representatives. ATI paid these independent sales representatives a smaller sales commission, amounting to approximately one-half of gross sales commissions.

   c. The balance of the sales commissions paid by GBE to ATI was recorded on ATI's books in a commissions clearing account. From time to time during 1996, at the direction of Mr. Kaiser, ATI wire transferred amounts from the

PLEA AGREEMENT - 7
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

commissions clearing account either to Alpha Technologies GRC, Ltd., a Cayman Islands corporation, or to Alphatec. Ltd., a Cypriot corporation.

   d.   GBE reported the entire amount of its sales commissions paid into the ATI commissions clearing account as an ordinary and necessary business expense for which GBE claimed a deduction. However, in truth, GBE and ATI knew that GBE was only entitled to deduct that portion of the sales commissions that was actually paid to independent sales representatives and could not deduct that portion of the sales commissions that was transferred off-shore to Alpha Technologies, GRC, Ltd., and Alphatec, Ltd. These residual commissions were not bona fide ordinary and necessary business expenses because there were no services rendered to GBE or ATI and consequently, there was no justification for the deduction of these residual commissions by GBE.

   e.   For 1996, GBE reported in its federal tax return sales commissions of $9,577,418. In truth, $5,031,490 was improperly included in the claimed deduction. This failure to accurately report only the legitimate business expense relating to commission results in an additional tax owing for 1996 of $1,721,869. For the eight year period beginning in 1994 and continuing through 2001, GBE exaggerated its true sales commissions by $56,879,852, thereby resulting in an additional tax liability in excess of $19,564,000, exclusive of civil penalties and interest.

   10.   **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement and the Plea Agreement between the United States and Defendant ATI (the "ATI Plea Agreement"), the United States Attorney's Office for the Western District of Washington and the Tax Division of the United States Department of Justice agree not to prosecute Defendants ATI and GBE for any additional offenses known to them as of the time of this Agreement that are based upon evidence in their possession at this time, or that arise out of the conduct giving rise to this investigation, i.e., the improper deduction as a business expense of sales commissions paid by GBE to ATI and transferred by ATI off-shore. The United States Attorney's Office for the Western

PLEA AGREEMENT - 8
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  District of Washington and the Tax Division of the United States Department of Justice
2  further agree not to prosecute Fred Kaiser, Grace L. Borsari, or any employee (or
3  agents) of either Defendant ATI or GBE individually for any offenses that are based
4  upon evidence in their possession at this time, or that arise out of the conduct giving rise
5  to this investigation, i.e., the improper deduction as a business expense of sales
6  commissions paid by GBE to ATI and transferred by ATI off-shore. In this regard,
7  Defendant GBE recognizes that the United States has agreed not to prosecute all of the
8  criminal charges that the United States contends were committed by these defendants
9  and by individuals associated with or employed by these defendants solely because of the
10 promises made by Defendant GBE in this Agreement and by Defendant ATI in the ATI
11 Plea Agreement. Defendant GBE acknowledges, however, that the United States
12 Attorney's Office will provide the United States Probation Office with evidence of all
13 relevant conduct committed by each of the defendants.

14        11.   <u>Voluntariness of Plea</u>. Defendant GBE acknowledges that it has entered
15 into this Plea Agreement freely and voluntarily, and that no threats or promises, other
16 than the promises contained in this Plea Agreement, were made to induce Defendant
17 GBE to enter this plea of guilty.

18        12.   <u>Statutes of Limitation</u>. In the event that this Agreement or the ATI Plea
19 Agreement is not accepted by the Court for any reason, or Defendants ATI and/or GBE
20 have breached any of the terms of their respective Plea Agreements, all statutes of
21 limitations that have not expired as of the date of this Plea Agreement shall be deemed
22 to have been tolled from the date of this Plea Agreement to: (1) 30 days following the
23 date of non-acceptance of this Plea Agreement or the ATI Plea Agreement by the Court;
24 or (2) 30 days following the date on which a breach of this Plea Agreement or the ATI
25 Plea Agreement by a defendant is discovered by the United States Attorney's Office.

26        13.   <u>Application of this Plea Agreement</u>. The United States and Defendant
27 GBE acknowledge that this Plea Agreement is made pursuant to Rule 11(c)(1)(C) of the
28 Federal Rules of Criminal Procedure. If the Court rejects any part of the sentence

PLEA AGREEMENT - 9
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 Union Street, Suite 5100
Seattle, Washington 98101-3903
(206) 553-7970

1 provided for in this Plea Agreement, the United States and Defendant GBE will be given
2 the opportunity to withdraw from the Plea Agreement and GBE will be given the
3 opportunity to withdraw the plea of guilty.

4      14.    Post-Plea Conduct. Defendant GBE understands that the terms of this Plea
5 Agreement apply only to conduct that occurred prior to the execution of this Agreement.
6 If between the date of this Plea Agreement and sentencing either or both of Defendants
7 ATI and GBE should engage in conduct that would warrant an increase in either
8 defendant's adjusted offense level or justify an upward departure under the Sentencing
9 Guidelines (examples of which include, but are not limited to: obstruction of justice,
10 failure to appear for a court proceeding, criminal conduct while pending sentencing, and
11 false statements to law enforcement agents, the probation officer or Court), the United
12 States is free under this Agreement to withdraw from this Plea Agreement.

13     15.    Interdependence of Plea Agreements. This Plea Agreement shall be
14 conditioned upon the Court's acceptance of the ATI Plea Agreement. GBE understands
15 that this Plea Agreement is one part of a two-part package plea agreement with the
16 United States, and that if ATI does not enter a plea pursuant to its agreement with the
17 United States, or subsequently withdraws its plea entered pursuant to that agreement
18 prior to sentencing, GBE will be free to withdraw its plea under this Plea Agreement
19 and the United States will be free to withdraw from both plea agreements. This Plea
20 Agreement is also conditioned upon the execution of the Closing Agreement as provided
21 in paragraph 8 of this Plea Agreement.

22     16.    Completeness of Agreement. The United States and Defendant GBE
23 acknowledge that these terms together with the ATI Plea Agreement and the Closing
24 Agreement constitute the entire Agreement between the parties. This Agreement only
25 binds the United States Attorney's Office for the Western District of Washington and the
26 Tax Division of the United States Department of Justice. It does not bind any other
27 / / /
28 / / /

PLEA AGREEMENT - 10
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  United States Attorney's Office or any other office or agency of the United States, or
2  any state or local prosecutor.
3      Dated this 13th day of April, 2004.

Defendant G.B. Enterprises, Inc.
By: _____
Its: Assistant Treasurer

_____
Attorney for Defendant G.B. Enterprises, Inc.

_____
ROBERT WESTINGHOUSE
Assistant United States Attorney

_____
SUSAN LOITZ
Assistant United States Attorney

PLEA AGREEMENT - 11
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## INSTRUCTIONS FOR PAYING SPECIAL ASSESSMENTS PRIOR TO SENTENCING

1. Special Assessments paid prior to sentencing must be paid to the Clerk, United States District Court.

2. Special Assessments must be paid by a first party, certified, or cashiers check, or a money order. No second party checks will be accepted. No post-dated checks will be accepted.

3. All checks must be made out in U.S. dollars to "Clerk, U.S. District Court."

4. All checks or money orders must be accompanied by the attached form entitled, "Plea Agreement Special Assessment Payments." The entire form must be filled out or the Clerk, United States District Court, will not accept the payment.

## PLEA AGREEMENT SPECIAL ASSESSMENT PAYMENT

DATE: _____

FROM: _____

TO:       CLERK, U.S. DISTRICT COURT
          ATTN: INTAKE TEAM

CASE NAME:  <u>United States v. GB Enterprises, Inc.</u>

CASE DOCKET NUMBER: _____

DEFENDANT'S NAME:  <u>GB Enterprises, Inc.</u>

SINGLE OR MULTIPLE DEFENDANTS:  <u>Single</u>

TOTAL SPECIAL ASSESSMENT PER DEFENDANT AS SET FORTH IN THE PLEA AGREEMENT: <u>$400.00</u>

PLEA AGREEMENT - 12
GB Enterprises, Inc.

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970